IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD E. HAYNER, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | Judge _____ |
| vs. | ) | |
| | ) | |
| LAW OFFICES OF MITCHELL N. KAY, P.C., | ) | ELECTRONICALLY FILED |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff brings this action to redress, under both federal and Pennsylvania law, the abusive debt collection practices in which Defendant has engaged.

### Parties

1. Plaintiff, Richard E. Hayner ("Hayner"), is an adult individual residing at 4211 Post Street, in the City of Pittsburgh, Allegheny County.

2. Defendant, Law Offices of Mitchell N. Kay, P.C. ("Kay") is a professional corporation organized and existing under the laws of the state of New York with principal place of business at 7 Penn Plaza, New York, NY 10001. Kay regularly conducts business within the Commonwealth of Pennsylvania and within this District.

### Nature of this Action

3. Hayner brings this action against a law firm in the business of consumer debt collection, seeking redress for the abusive collection practices to which Kay has subjected him, which practices constitute violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S.

§ 2270.1, *et seq.* (the "FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1, *et seq.* (the "UTPCPL").

**Jurisdiction**

4.  This Court has jurisdiction over the federal question subject matter of this consumer protection action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. It has supplemental jurisdiction, under 28 U.S.C. § 1367, over Hayner's state law claims.

**Venue**

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant's unlawful debt collection practices took place within this District.

**Factual Background**

6.  In early April, 2010, Plaintiff received in the mail a letter dated April 6, 2010, from Kay. A true and correct copy of this letter is attached hereto as Exhibit A. This letter was the first communication that Plaintiff received from Kay.

7.  This letter was on the letterhead of the Law Offices of Mitchell N. Kay, P.C. and recited that Plaintiff owed the amount of $490.56 on an account originally with AT&T Wireless that had been assigned to Palisades Collection, LLC.

8.  The only account that Plaintiff had had with AT&T Wireless was for a cell phone that he used exclusively for personal purposes.

9.  Palisades Collection, LLC is, like Kay, a debt collector.

10. Palisades Collection, LLC is not the owner of Plaintiff's alleged debt, and is, instead, a debt collector hired by AT&T Wireless to collect, *inter alia,* Plaintiff's alleged debt to AT&T Wireless.

11. This letter offered Plaintiff the "opportunity" to repay the alleged debt in ten monthly payments.

12. This letter also offered to settle the alleged debt for a single, lump-sum payment equal to 55% of the alleged debt.

13. Notwithstanding that the entire letter was on the letterhead of a law firm, the letter also stated in small print that "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account."

14. Upon receipt of this letter, Plaintiff believed that a lawyer or law firm was attempting to collect the alleged debt from him.

15. Upon receipt of this letter, Plaintiff believed that Kay was entitled to institute legal action against him to collect the alleged debt.

16. Upon receipt of this letter, Plaintiff believed that Kay would, in fact, institute legal action against him if he did not pay off the alleged debt as proposed in the letter.

### COUNT I -   Violation of the Federal Fair Debt Collection Practices 15 U.S.C. § 1692, *et seq.*

17. The allegations of Paragraphs 1 through 16 are incorporated herein by reference.

18. Because the alleged debt owed by Plaintiff could only have been incurred for Plaintiff's personal cell phone use, it was incurred, if at all, primarily for personal, family or household purposes.

19. The alleged debt is, therefore, a "debt," within the meaning of 15 U.S.C. §1692a(5).

20. Kay is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Section 1692e(3) makes "the false representation or implication that a communication is from an attorney" a violation of Section 1692e.

22. In very small print, the letter stated that no attorney had reviewed Plaintiff's account, thereby making clear that the letter had not, in fact, come from an attorney.

23. At the same time, however, the letter had Kay's letterhead emblazoned in large bold-face font, "Law Offices of Mitchell N. Kay, P.C." This was intended to, and did, in fact, give the clear impression that the letter came from an attorney.

24. Accordingly, Kay has violated Section 1692e(3).

25. Section 1692e(3() makes "the threat to take any action that cannot legally be taken or that is not intended to be taken" a violation of Section 1692e.

26. The small-print statement that no attorney had reviewed Plaintiff's account makes clear that Kay did not intend to institute legal proceedings to collect the alleged debt. Only an attorney could do that.

27. Yet, at the same time, the entire letter, particularly with the large, bold-face letterhead, "Law Offices of Mitchell N. Kay, P.C." at the top of the first page, gives the distinct, but false impression that Kay intends to sue Plaintiff to collect the alleged debt.

28. None of Kay's attorneys are licensed to practice in Pennsylvania. Therefore, they could not legally sue Plaintiff in Pennsylvania to collect the debt, the only jurisdiction in which he could be sued.

29. Accordingly, Kay has violated Section 1692e(5), because Kay did not intend to sue Plaintiff and because it could not have legally done so.

30. Section 1692e(10) makes "[t]he use of any false representation or deceptive means to collect or attempt to collect a debt" a violation of Section 1692e.

31. The statement in the letter that Palisades Collection, LLC is the "assignee" of AT&T Wireless, when it never purchased Plaintiff's alleged debt from AT&T Wireless, is a false representation and deceptive means to collect or attempt to collect Plaintiff's alleged debt.

32. Accordingly, Kay has violated Section 1692e(10).

33. Section 1692e(11) requires that in its initial communication with a consumer, a debt collector inform the consumer that "the debt collector is attempting to collect a debt and that the information obtained will be used for that purpose."

34. Notwithstanding that the letter was Kay's first communication with Plaintiff, the letter did not contain this statement required by Section 1692e(11).

35. Accordingly, Kay has violated Section 1692e(11).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Kay as follows:

    a. For actual damages, to be proven at trial, for Kay's failure to comply with the provisions of the FDCPA;

    b. For additional damages in the amount of $1,000 for the FDCPA violations committed by Kay; and

    c. For the costs of this action together with Plaintiff's reasonable attorney fees in bringing this action.

### COUNT II - Violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*

36. The allegations of Paragraphs 1 through 31 are incorporated herein by reference.

37. The alleged debt owed by Plaintiff, which could only have arisen for use of his personal cell phone, was an amount for money, property, insurance or services for personal, family or household services.

38. Therefore, the amount, if it was owed at all, was a "debt" within the meaning of Section 3 of the FCEUA, 73 P.S. § 2270.3.

39. Kay is a "debt collector" within the meaning of Section 3 of the FCEUA.

40. Plaintiff is a "consumer" within the meaning of Section 3 of the FCEUA.

41. Section 4 of the FCEUA provides that "[a] creditor may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 73 P.S. § 2270.4(b)(5). Kay's use of a debt-collection letter emblazoned in large bold-face type "Law Offices of Mitchell N. Kay, P.C." was intended to and did, in fact, imply that legal action would be taken to collect the alleged debt.

42. This constitutes the use of a "false, deceptive or misleading representation or means in connection with the collection of [a] debt", as is proscribed by 73 U.S.C. § 2270.4(b)(5), because Kay had no present intention to take legal action, and could not have done so, because none of its attorneys are licensed in Pennsylvania.

43. Subsection 4(a) of the FCEUA, provides that "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 U.S.C. § 2270.4(a).

44. As set forth above in Count I, Kay has violated the FDCPA in multiple regards.

45. Accordingly, pursuant to 73 U.S.C. § 2270.4(a), Kay has also violated the FCEUA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Kay as follows:

    a. For Plaintiff's actual damages, to be proven at trial, resulting from Kay's violation of the FCEUA; and

    b. For punitive damages, to be proven at trial.

    c. For the costs of this action together with Plaintiff's reasonable attorney fees in bringing this action.

### COUNT III - Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1, *et seq.*

46. The allegations of Paragraphs 1 through 45 are incorporated herein by reference.

47. Section 5 of the FCEUA provides that "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under the act, it shall constitute a violation of that act of December 17, 1968 (P.L. 1224, No. 3387), known as the Unfair Trade Practices and Consumer Protection Law." 73 P.S. § 2270.5(a).

48. As set forth, *supra*, in Count II, Kay has engaged in unfair or deceptive debt collection practices under the FCEUA, and, therefore, pursuant to 73 P.S. § 2270.5(a), Kay is deemed to have violated the UTPCPL, as well.

49. The UTPCPL provides that any person that "suffers an ascertainable loss of money or property" as a result of a violation of the UTPCPL may recover his actual damages and the court may, in its discretion, award treble damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Kay as follows:

 a. For actual damages, to be proven at trial;

 b. Trebling of the actual damages;

 c. The expense, including attorney fees, to be proven at trial, that Hayner incurred in bringing this action.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,


*s/ Bernard S. Rubb, Esquire*_____
Bernard S. Rubb, Esquire
PA. I.D. #22109
Rudy A. Fabian, Esquire
PA. I.D. #56703

BERNARD S. RUBB & ASSOCIATES
434 Oliver Road
Sewickley, PA 15143
(412) 741-3021

*Attorneys for Plaintiff Richard E. Hayner*