IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD E. HAYNER,            )
                              )
        Plaintiff,             )
                              )
    vs.                        )    Civil Action No. 11-459
                              )
LAW OFFICES OF MITCHELL        )
N. KAY, P.C.,                  )
                              )
        Defendant.             )

MEMORANDUM

I

Before the Court is the motion of Plaintiff, Richard E. Hayner, for default judgment against Defendant, Law Offices of Mitchell N. Kay, P.C. For the reasons set forth below, the motion will be granted and judgment in the amount of $2,550 will be entered in favor of Plaintiff and against Defendant.

II

Plaintiff filed this civil action against Defendant on April 5, 2011. In summary, Plaintiff's complaint alleges the following relevant facts:

> 1. In early April 2010, Plaintiff received a letter dated April 6, 2010 on the letterhead of the "Law Offices of Mitchell N. Kay, P.C." The letter stated that Plaintiff owed Palisades Collection, LLC, as assignee of AT&T Wireless, the sum of $490.56.
>
> 2. The only account that Plaintiff ever opened with AT&T Wireless related to a cell phone purchased exclusively for personal use.

1

3. The letter offered Plaintiff the opportunity to repay the alleged debt in 10 monthly installments or to settle the alleged debt for a single, lump sum payment equal to 55% of the alleged debt.

4. Despite the fact that the letter was written on the letterhead of a law firm, the letter stated in small print that "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account."

5. After reading the letter, Plaintiff believed that a lawyer or law firm was attempting to collect the alleged debt from him; that Defendant was entitled to institute legal action against him for the alleged debt; and that Defendant would, in fact, institute legal action against him if he did not pay off the alleged debt as proposed in the letter.

Plaintiff seeks damages and attorneys' fees from Defendant for its alleged violation of Section 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, which prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. In accordance with an Order of Court dated July 26, 2011, Plaintiff requested entry of default against Defendant pursuant to Fed.R.Civ.P. 55(a) for failure to plead or otherwise defend. The default was entered by the Clerk of Court on August 9, 2011.

A consequence of the entry of default is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Rhino Associates, L.P. v. Berg Mfg. and Sales Corp., 531 F.Supp.2d 652, 657

2

(M.D.Pa.2007). Nevertheless, it remains for the district court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir.2010).

Assuming the truth of the factual allegations of Plaintiff's complaint regarding his FDCPA claim and after a careful review of Defendant's April 6, 2010 letter which was attached to the complaint as Exhibit A, the Court concludes that Plaintiff has stated a legitimate claim against Defendant under the FDCPA. See Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993 (3d Cir.2011)(Collection letters presented on law firm's letterhead violated FDCPA's general prohibition against "false, deceptive, or misleading" communications because they falsely implied that an attorney, acting as an attorney, was involved in collecting debtor's debt; the least sophisticated debtor, upon receiving those letters, could reasonably believe that an attorney had reviewed his file and determined that he was a candidate for legal action; and disclaimers included in letters, which were printed on the backs, did not make clear to the least sophisticated debtor that the law firm was acting solely as a debt collector and not in any legal capacity in sending the letters). Thus, the only remaining issue is the

amount of damages and attorneys' fees to be awarded to Plaintiff.

During a hearing on damages on September 13, 2011, Plaintiff testified that he retained the law firm of Bernard S. Rubb & Associates to bring this action based on the belief that he was being sued in connection with the alleged debt to AT&T Wireless,[1] and that he paid a fee of $500 to retain counsel's services. Plaintiff also offered the testimony of Rudy Fabian, Esquire, an associate of the law firm of Bernard S. Rubb & Associates, in support of an award of attorney's fees under Section 1692k(a)(3) of the FDCPA. According to Attorney Fabian's time records, which were admitted as Exhibit 5 during the hearing, he provided 10.5 hours of services in connection with this case which consisted of 2 hours to review the pleadings in the Lesher case, 6 hours to draft the complaint, 1 hour to meet with Attorney Rubb to prepare for the hearing on damages, and an estimate of 1.5 hours to attend the hearing. Attorney Fabian testified that his time records are accurate and that his hourly fee is $200. After consideration, the Court finds Attorney Fabian's fee, which totals $2,100, to be reasonable. Therefore, this fee will be awarded to Plaintiff.

At the conclusion of the hearing, Attorney Rubb represented to the Court that he has considerable experience in litigating

---

[1] Plaintiff testified that he did not owe the stated amount to AT&T wireless.

4

claims under the FDCPA; that he provided 42 hours of services in connection with this case; that his hourly fee for this case was $425; and that costs in the amount of $350 were incurred to file the case. The Court advised Attorney Rubb to file an affidavit and documentation supporting his fees for the services provided to Plaintiff promptly which he agreed to do. To date, Attorney Rubb has failed to file an affidavit and supporting documentation as directed by the Court, despite two messages left by the Court's law clerks on his answering machine. Under the circumstances, the Court declines to award Plaintiff any attorney's fees for Attorney Rubb's services which the Court finds to be excessive in any event;[2] however, the filing fee of $350 of which the Court takes judicial notice will be awarded to Plaintiff. In addition, although Plaintiff did not establish any actual damages as a result of receiving Defendant's letter, the Court will exercise its discretion under Section 1692k(2)(A)

---

[2] As noted previously, Attorney Fabian prepared the complaint in this case. Therefore, Attorney Rubb's services appear to be limited to (1) preparation of a request for entry of default consisting of 1 sentence, (2) preparation of a motion for default judgment the body of which consists of 3 pages, (3) attendance at a brief conference with the Court to discuss the manner in which the issue of damages would be resolved based on the entry of default against Defendant; (4) preparation of an 8-page trial brief; (5) preparation of proposed findings of fact consisting of 7 pages; and (5) attendance at the brief hearing on damages. It is difficult to perceive how the foregoing activities required 42 hours of Attorney Rubb's services, which total $17,850 in fees based on his hourly rate, in light of his extensive experience in FDCPA litigation.

of the FDCPA and award damages to Plaintiff in the amount of $100.

                                                       */s/ William L. Standish*
                                                       William L. Standish
                                                 United States District Judge

Date: October 27, 2011